STATE *ex rel.* CHARLES ANDERSON

*v.*

BOBBY J. LEVERETTE, *Supt.,*

*West Virginia Penitentiary*

(No. CC903)


STATE *ex rel.* DEMPSEY WALLACE HALLER

*v.*

BOBBY J. LEVERETTE, *Supt.,*

*West Virginia Penitentiary*

(No. CC904)

Decided April 10, 1979.

*Wallace, Ross & Gibson, Thomas R. Ross, II,* for plaintiff Charles Anderson.

*Harry A. Smith, III,* for plainfiff Dempsey Wallace Haller.

*James F. Cain, Prosecuting Attorney,* for defendant.

HARSHBARGER, JUSTICE:

These cases are here upon this certified question:

Do the provisions of West Virginia Code, Chapter 62, Article 8, Section 2, and West Virginia Code, Chapter 61, Article 11, Section 16 (as amended), reading the same *in pari materia*, require a trial judge to sentence a convicted escapee from the West Virginia Penal System to confinement in such penal system for a definite term, rather than an indefinite or general term?

Anderson and Haller pled guilty in the Randolph County Circuit Court to escape charges and were sentenced to prison terms of not less than one nor more than five years, to begin at the conclusion of their original sentences. They filed petitions for habeas corpus in the Circuit Court of Marshall County alleging that the indeterminate "one-to-five" sentences were void. That court held that the statutes required imposition of definite term sentences, awarded the writs, and remanded petitioners to Randolph County for resentencing. That court certified the question to us.

*W.Va. Code*, 61-11-16 states:

"Every sentence to the penitentiary of a person convicted of a felony for which the maximum penalty prescribed by law is less than life imprisonment, *except offenses committed by convicts in the penitentiary punishable under chapter sixty-two, article eight, section one [§ 62-8-1] of the Code*, shall be a general sentence of imprisonment in the penitentiary.... Imprisonment under a general sentence shall not exceed the maximum term prescribed by law for the crime for which the prisoner was convicted...." [Our emphasis]

*Code*, 62-8-1, excepted from 61-11-16, states:

A convict confined in the penitentiary or medium security prison, or in the custody of an officer thereof, shall be deemed guilty of a felony if he shall kill, wound or inflict other bodily injury upon an officer or guard of the penitentiary or medium security prison; or shall escape from the penitentiary or medium security prison or such

custody; or shall break, cut or injure any building, fixture or fastening of the penitentiary or medium security prison ... for the purpose of escaping `... or rendering the penitentiary ... less secure ... or shall make, procure, secrete, or have in his possession, any instrument, tool or other thing for such purpose, or with intent to kill, wound or inflict bodily injury as aforesaid; or shall resist the lawful authority of an officer or guard of the penitentiary or medium security prison for such purpose or with such intent."

And *Code,* 62-8-2:

*For any other offense [except killing] mentioned in ... [Code, 62-8-1], a convict, unless he be under a sentence of confinement for life, shall be confined in the penitentiary not less than one nor more than five years after the end of the term for which he shall then be subject to confinement.*

The offenses specified in Code 62-8-1 are punishable according to 62-8-2. The phraseology "not less than one nor more than five years" is used throughout our penal statutes to prescribe indeterminate sentence parameters. *See Code,* Chapter 61.

The Randolph County Circuit Court correctly sentenced Anderson and Haller to indefinite terms of one-to-five years' confinement after the terms they are serving.

*Rulings affirmed.*